IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRYAN MERINO-HERNANDEZ,

Petitioner,

vs.

WARDEN, MCCOOK DETENTION
CENTER, TODD M. LYONS, Acting
Director, U.S. Immigration and Customs
Enforcement; and KRISTI NOEM,
Secretary, Department of Homeland
Security;

Respondents.

8:26CV303

MEMORANDUM AND ORDER

This matter comes before the Court on Bryan Merino Hernandez's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held without being afforded a bond hearing before an immigration judge. Respondents argue Petitioner is subject to mandatory detention as an arriving alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to afford Petitioner a bond hearing.

## I.    BACKGROUND

Petitioner is a native and citizen of El Salvador. Filing No. 1 at 11. He entered the United States without inspection in 2022 and now has a United States citizen spouse and children. *Id.*

On January 8, 2026, Petitioner was arrested and later convicted of domestic assault. Filing No. 8 at 3. Following a jail sentence, he was released to ICE custody on April 23, 2026, and placed in removal proceedings. *Id.* He has filed an application for

asylum based on threats of harm, persecution, and death he fears in his home country. *Id.* It is set for a hearing on July 23, 2026. *Id.*

Petitioner seeks a writ of habeas corpus ordering Respondents to release him or provide him with a bond hearing. Filing No. 1.

## II.    STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2),[1] pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's

---

[1] Respondents do not rely on Petitioner's conviction of domestic assault to justify his detention. Respondents have also failed to provide documentation regarding this conviction despite the Court's order requiring them to provide "[c]opies of any and all documents referenced in respondents' responsive brief or in a supporting declaration of a deportation officer." Filing No. 5 at 2 (show cause order). Accordingly, the Court has no evidence before it which would suggest this conviction requires Petitioner's detention. His conviction and underlying conduct could, of course, be a consideration at a future detention hearing, if any.

interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But the statutory-interpretation argument does not end the Court's inquiry. The undersigned recently determined that a non-citizen's detention without the opportunity for a bond violated his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976). *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). For the same reasons set forth in greater detail in that opinion, the undersigned concludes Respondents have violated Petitioner's due process rights in this case. Accordingly, Petitioner must be released. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . . The typical remedy for such detention is, of course, release."). Should Respondents choose to re-detain Petitioner, they must afford him a bond hearing.

IT IS ORDERED

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2.  Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.

3.  Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

4.  Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on July 17, 2026.**

5.  Should Respondents re-detain Petitioner, they must afford him a prompt bond determination hearing.

Dated this 14th day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge